

**SIGNED this 29th day of January, 2013**

_____

Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION


In re:

                                                          No.  12-13450
                                                          Chapter 7

ROBERT RAY DUNN,

            Debtor;


ROBERT RAY DUNN,

            Plaintiff

v

                                                          Adversary Proceeding
                                                          No.  12-1092


ADVANTAGE WINDOWS, INC.

            Defendant.

1

**MEMORANDUM**

Plaintiff Robert Ray Dunn ("Plaintiff" or "Debtor") has brought an adversary proceeding against Defendant Advantage Windows, Inc. ("Defendant" or "Advantage Windows") for violation of the automatic stay pursuant to 11 U.S.C. § 362(a). Plaintiff seeks fines, punitive damages, and attorneys' fees against Defendant. The Defendant moves to dismiss the Plaintiff's complaint ("Complaint") on the basis that its actions fall within the exception for the commencement of criminal actions. [Doc. No. 6].[1] The Plaintiff opposes the motion to dismiss. [Doc. No. 7].

The Defendant has also filed an adversary proceeding against the Plaintiff, Adversary Proceeding No. 12-1094, Advantage Windows, Inc. v. Dunn. Advantage Windows' adversary proceeding against the Debtor seeks a determination from this court that the debts owed by Debtor to Advantage Windows are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). Following a scheduling conference in Adversary Proceeding No. 12-1094, the court issued an order that consolidated the trial schedules of Adversary Proceeding No. 12-1092 and Adversary Proceeding 12-1094, but otherwise kept the proceedings separate. [Doc. No. 8].

The court has reviewed the briefing filed by the parties, the pleadings at issue, and the applicable law and makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. The court has determined that it will GRANT the motion to dismiss.

**I.    Background**

The Plaintiff resides at 1443 Roach Hollow Road, Ringgold, GA 30736. Complaint, ¶ 1. The Debtor alleges that on March 30, 2011 the parties entered into a contract pursuant to which the Debtor agreed to pay $16,500 for some renovations to his mobile home. Complaint, ¶ 5.

---

[1] All docket entry references relate to docket entries for Adversary Proceeding No. 12-1092, unless otherwise indicated.

2

The purchase agreement, a two-page document, included handwritten specifications that described the work to be completed. [Doc. No. 1-1, Ex. A, pp. 1-2]. The description of the work included the removal of metal windows, siding and doors on the Debtor's mobile home and the installation of replacement windows, siding, doors and gutters. *Id.* The purchase agreement was signed by the Debtor. The Debtor's wife's name is crossed out at the top of both pages of the purchase agreement. *Id.* The Debtor's wife did not sign the purchase agreement.

A dispute arose between the parties while the contract was being performed. On November 9, 2011, approximately seven months after execution of the contract, Advantage Windows filed a complaint against the Debtor in the Superior Court of Catoosa County, Georgia alleging conversion of Advantage Windows' building materials left on the Debtor's property. Complaint, ¶ 6. The Debtor claims that he never asserted that he owned Advantage Windows' building materials and that he and his attorney "made repeated requests for Defendant to pick up its building materials in order to resolve the conversion claim of said complaint." *Id.* at ¶ 8. When the Debtor hired a second contractor to fix mistakes he alleges Advantage Windows made, he took steps to protect and preserve Advantage Windows' materials. Complaint, ¶ 9. The Debtor has attached a contract it entered into with Maintenance Free Exteriors, LLC to repair and redo the work that the Defendant allegedly failed to complete. [Doc. No. 1-1, Ex. C, pp. 10-17]. The Complaint further asserts that Advantage Windows failed to remove its materials. *Id.* at ¶ 10.

The Debtor filed his bankruptcy petition on July 6, 2012. After the Debtor filed his petition, on July 13, 2012, Advantage Windows filed a complaint against the Plaintiff's wife in Superior Court of Catoosa County claiming conversion of its materials. Complaint, ¶ 12. However, the Debtor contends that his wife was not a party to the contract with Advantage Windows and that she does not have an interest in the Debtor's mobile home. *Id.* In addition, the

complaint against the Debtor's wife violated the discharge order entered in her prior Chapter 7

bankruptcy case filed in the Northern District of Georgia, Rome Division. *Id.* at ¶ 13. Following

a motion to dismiss, on September 18, 2012 Advantage Windows voluntarily dismissed its

complaint in Catoosa County against the Debtor's wife. However, according to the Debtor's

Complaint, on the same day, September 18, 2012, Advantage Windows applied for a criminal

warrant for theft by conversion against the Debtor and his wife pursuant to Ga. Code. Ann. § 16-

8-4. *Id.* at ¶ 16; [Doc. No. 1-1, Ex. D, p. 18]. The Debtor asserts that Advantage Windows has

attempted to circumvent the automatic stay by filing a criminal complaint as a substitute for its

civil complaints against the Debtor and his wife. He claims that the Defendant's actions

constitute a violation of the automatic stay.

It is unclear from the record whether criminal prosecution of the Debtor and his wife is

proceeding in state court. The Debtor attached a Notice and Order of Hearing on Application of

Criminal Warrant to his Complaint that indicates that a hearing would be held on October 12,

2012 to determine if probable cause existed for a warrant to issue. [Doc. No. 1-1, Ex. D, p. 19].

The court does not know the outcome of that hearing.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6), incorporated into adversary proceedings by

Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a complaint

for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  In

reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must

"treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express

Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)).  In addition, a court must construe all allegations in the

light most favorable to the plaintiff.  *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*,

4

948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint " 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

### III.    Analysis

Advantage Windows does not dispute that it filed a criminal complaint against the Debtor after the Debtor filed bankruptcy but before its debt was discharged. Advantage Windows argues that its action in filing a criminal complaint against the Debtor was not stayed. It relies on an exception found in 11 U.S.C. § 362(b) for criminal proceedings. That section provides:

> The filing of a petition under section 301, 302, or 303 of this title, . . . does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor; . . .

11 U.S.C. § 362(b)(1). The plain language of the statute does not limit the exception based on the motive behind the commencement of the criminal action.

There is a split of authority among various federal courts regarding whether the Section 362(b)(1) exception applies to all criminal proceedings regardless of their nature or whether the exception only applies if the proceeding has not been initiated in order to collect a debt. In *Dovell v. The Guernsey Bank*, the district court explained the differing lines of authority:

A number of bankruptcy court decisions have discussed the scope and extent of the exception to the automatic stay regarding commencement or continuation of criminal actions against the debtor. In a recent decision, the split among various bankruptcy courts was noted. The court observed:

There appears to be no controlling case law from the Sixth Circuit directly applying the exception in paragraph 362(b)(1). Other courts have divided into at least two interpretations of the extent of this provision. The first interpretation finds that the exception in paragraph 362(b)(1) is an absolute exception regardless of prosecutorial purpose or bad faith. *See Gruntz v. Los Angeles*, 202 F.3d 1074 (9th Cir. 2000); *Simonini v. Bell (In re Simonini)*, 69 F. App'x 169 (4th Cir. 2003); *Rollins v. Campbell (In re Rollins)*, 243 B.R. 540 (N.D. Ga. 1997); *In re Caravona*, 347 B.R. 259 (Bankr. N.D. Ohio 2006); *Dennison v. Davis (In re Dennison)*, 321 B.R. 378 (Bankr. D. Conn. 2005); *Pickett v. Quinn (In re Pickett)*, 321 B.R. 663 (Bankr. D. Vt. 2005). The second interpretation focuses on the motive behind the criminal prosecution and finds that the exception does not apply when the primary motivation is the collection of a debt. *See Batt v. Am. Rent-All (In re Batt)*, 322 B.R. 776 (Bankr. N. D. Ohio 2005); *Dovell v. Guernsey Bank (In re Dovell)*, 311 B.R. 492 (Bankr. S.D. Ohio 2004); *Williamson-Blackmon v. Kimbrell's of Sanford (In re Williamson-Blackmon)*, 145 B.R. 18 (Bankr. N.D. Ohio 1992).

373 B.R. 533, 537 (S.D. Ohio 2007) (quoting *In re Yost*, No. 05-95628, 2007 WL 184674, at *3 (Bankr. N.D. Ohio Jan. 19, 2007)). Since *Dovell*, the Sixth Circuit has still not ruled on the issue; however, it did look at the allegations of bad faith in *Michalski v. Coulson (In re Michalski)*, an

6

unreported case involving the violation of the discharge injunction, to see whether there was sufficient evidence to support the debtor's contention that the underlying motivation was debt collection. 452 F. App'x 656, 2011 WL 6415052 (6th Cir. Dec. 21, 2011). It concluded that the automatic stay was not violated because it had terminated. It also found that even the injunction imposed after discharge did not preclude a criminal action. *Id.* at *3 (citing *Daulton v. Caldwell (In re Daulton)*, 966 F.2d 1025, 1028 (6th Cir. 1992)).

After reviewing the case authority and the policy reasons behind the contrasting views, the district court in *Dovell* followed the line of authority that does not find an exception to the exception in Section 362(b)(1) in cases where the debtor alleges that the criminal proceeding was commenced in bad faith or primarily to collect that creditor's debt. In summarizing its decision, the court explained that:

> [t]o hold otherwise would be to encourage an intrusion upon important principles of federalism, cause improper judicial review of prosecutorial decisions, invade the secrecy of grand jury proceedings and prevent parties from reporting violations of criminal law to law enforcement authorities even when the same is required by law.

373 B.R. at 540.

### A.    Circuit Rulings

Three Circuit Courts of Appeal have held that the automatic stay does not apply to any criminal proceeding. In *Gruntz v. County of Los Angeles (In re Gruntz)*, the Ninth Circuit discussed the language of Section 362(b)(1). 202 F.3d 1074 (9th Cir. 2000). In that case the court addressed whether Section 362(b)(1) applied to enjoin criminal prosecution of a debtor who was prosecuted under a California law criminalizing a failure to pay court-ordered child support. In discussing Section 362(b)(1), the Court noted:

> This exception would seem to end the argument because, under its plain wording, the automatic stay would not apply to the criminal action initiated against [the

plaintiff]. However, [the plaintiff] claims that the purpose of the criminal actions
against him is debt collection, thus falling within the protection afforded by
*Hucke v. Oregon*, 992 F.2d 950 (9th Cir. 1993). *Hucke* held that, if a criminal
proceeding has the collection of a debt as its underlying aim, then the automatic
stay imposed by 11 U.S.C. § 362(a)(6) would apply and the criminal action would
be enjoined. . . .

Although *Hucke* was well within the mainstream of thought at the time, it is time
to reexamine it. Other circuits have declined to follow our lead and, as this case
demonstrates, it is a doctrine difficult to apply in practice. Most importantly, it is
at odds with the plain words of the statute. Quite simply, the Bankruptcy Code
declares that § 362 does not stay 'the commencement or continuation of a
criminal action or proceeding against the debtor.' On its face, it does not provide
any exception for prosecutorial purpose or bad faith. If the statutory command of
the Bankruptcy Code is clear, we need look no further: it must be enforced
according to its terms.

*In re Gruntz*, 202 F.3d at 1085. The Court concluded that "the automatic stay does not apply to
enjoin state criminal actions, even if the prosecution is motivated by the complaining witness's
desire to collect a debt." *Id.* at 1087.

Two other Circuits have followed the Ninth Circuit's lead in *In re Gruntz*. In *Simonini v.
Bell (In re Simonini)*, the Fourth Circuit, relying on *In re Gruntz*, held that a district court did not
have power under 11 U.S.C. § 105 to enjoin a Nevada criminal proceeding pertaining to bad
checks written by the debtor. 69 F. App'x 169, 2003 WL 21500197, at 170-71 (4th Cir. July 1,
2003). In *In re Bartel* the First Circuit Bankruptcy Appellate Panel agreed with the Ninth Circuit
that the plain, unequivocal meaning of Section 362(b)(1) applies to exclude all criminal
proceedings, regardless of motive, from being considered violations of the automatic stay. 404
B.R. 584, 590-91 (B.A.P. 1st Cir. 2009). The court also determined that 11 U.S.C. § 105 could
not be used to enjoin state criminal proceedings based on "strong principles of federalism." *Id.* at
591-92. The court noted that "regardless of the motivation of the complaining witness, once the
state decides to file criminal charges, the prosecution belongs to the government, and the
bankruptcy court cannot require the prosecutor to inquire into the motivation of the complaining

witness." *Id.* at 592.

    **B.**    **Lower Court Rulings**

    The lower courts that have addressed the issue are somewhat conflicted. In *Perry v. Jones (In re Perry)*, the bankruptcy court addressed whether a defendant homeowner violated the automatic stay by filing a criminal complaint for intent to defraud against debtor contractors who had failed to pay their subcontractor. 314 B.R. 873 (Bankr. M.D. Ga. 2004). The court granted the defendants' motion to dismiss the claim of violation of automatic stay where plaintiff admitted the prima facie elements of intent to defraud under Georgia law by failing to pay his subcontractor first following receipt of payment by the homeowner. *Id.* at 875-76. Here the Debtor denies the liability. In *Smith v. Goode (In re Smith)*, the bankruptcy court addressed whether criminal prosecution of a debtor for fraudulent receipt of unemployment benefits violated the automatic stay. 301 B.R. 96 (Bankr. M.D. Ga. 2003). The court noted that the language of Section 362(b)(1) "has been broadly interpreted to encompass all criminal proceedings, regardless of their purpose, i.e., criminal cases commenced solely to collect a debt are unaffected by the automatic stay. Thus, regardless of Defendants' purpose in initiating the criminal process, that action does not violate the automatic stay." *Id.* at 100 (citing *In re Gruntz*, 202 F.3d at 1087). *See also, In re Storozhenko*, 459 B.R. 697, 707 (Bankr. E.D. Mich. 2011) (agreeing with *Gruntz* and concluding that a receiver's "motives in filing the Criminal Contempt Motion are not relevant to the issue of whether and to what extent that motion is deemed to be a 'criminal action or proceeding' under the automatic stay exception in § 362(b)(1)").

    At the other end of the spectrum, some courts have held that where criminal process is used to collect a debt, Section 362(b)(1)'s exception to the automatic stay does not apply. For example, in *In re Muncie* the court held that because the creditor "initiated the criminal

proceeding for the purpose of collecting a debt, the exception from the automatic stay pertaining

to the commencement or continuation of a criminal action or proceeding against the debtors does

not apply." 240 B.R. 725, 727 (S.D. Ohio 1999). The court then held that the creditor violated

the automatic stay by pursuing criminal charges and held the creditor in contempt. *Id.* It also

ordered the creditor to pay the debtors their actual damages. *Id.*

       Other courts have also found that a criminal action brought to collect a debt violates the

automatic stay. Bad faith or improper motive removes the action from the protection of the

exception for criminal proceedings. For example, in *Padgett v. Latham (In re Padgett)*, the

bankruptcy court held that "[t]he state court proceeding commenced for the admitted purpose of

collecting a debt was in direct violation of a stay of such collection efforts against" the debtor. 37

B.R. 280, 284 (Bankr. W.D. Ky. 1983). The court then enjoined the defendants from pursuing

their debt collection criminal action in state court. *Id.* at 285. From a policy standpoint, the court

reasoned: "by commencing a debt collection action in state court in lieu of contesting

dischargeability of the debt, the creditor could enjoy superior status from pursuing the debt in

state court rather than in accordance with federal bankruptcy law." *Id.* at 284. *See also*,

*Williamson-Blackmon v. Kimbrell's of Sanford, North Carolina, Inc.*, 145 B.R. 18, 21 (Bankr.

N.D. Ohio 1992) (noting that "[i]t is well established that a creditor is not permitted to utilize a

criminal prosecution as a means of avoiding the automatic and injunctive stay provisions of the

Bankruptcy Code in an effort to continue to collect on a claim owed by the debtor"); *Sheppard v.*

*Piggly Wiggly (In re Sheppard)*, No. 99-41085, 2000 WL 33743081 (Bankr. M.D. Ga. Jan. 6,

2000) (finding that creditor's role in having a warrant issued post-petition for the debtor's bad

check violated the automatic stay); *In re Muncie*, 240 B.R. 725, 727 (Bankr. S.D. Ohio 1999)

(determining that because the creditor "initiated the criminal proceeding for the purpose of

collecting a debt, the exception from the automatic stay pertaining to the commencement or

continuation of a criminal action or proceeding against the debtors does not apply"); *In re Batt*,

322 B.R. 776, 779 (Bankr. N.D. Ohio 2005) (following *Williamson-Blackmon* and noting that "it

is well established that a creditor, the government included, is not permitted to employ the

criminal judicial process as a means to collect a debt," but finding that the debtor had not proved

the requisite motive for the creditor pursuing prosecution for the debtor's bad check).

Other courts have distinguished between an action by the government and an individual,

and have found that a complete exception exists for the government, but not a creditor. *See e.g.*

*Pearce v. E.L.W. Corp. (In re Pearce)*, 400 B.R. 126, 132 (Bankr. N.D. Iowa 2009); *In re Byrd*,

256 B.R. 246, 251 (Bankr. E.D.N.C. 2000).

### C.    Application of Existing Authority in this Proceeding

In reviewing the two lines of cases, the court notes that most of the cases interpreting

Section 362(b)(1) to exclude criminal proceedings initiated to collect a debt precede the cases

applying the plain language of the statute. The court finds the reasoning of the courts applying

the plain meaning of the statute persuasive. As the Ninth Circuit noted in *In re Gruntz*,

> On its face, it [362(b)(1)] does not provide any exception for prosecutorial
> purpose or bad faith. If the statutory command of the Bankruptcy Code is clear,
> we need look no further: it must be enforced according to its terms. Indeed, to do
> otherwise would insert phrases and concepts into the statute that simply are not
> there.

202 F.3d at 1085 (citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct.

1026, 103 L.Ed.2d 290 (1989)). Further, as the court explained in *Dovell*, the U.S. Supreme

Court has emphasized a " 'fundamental policy against federal interference with state criminal

prosecutions.'" 373 B.R. at 538 (quoting *Kelly v. Robinson*, 479 U.S. 36, 47, 107 S.Ct. 353

(1986) and *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746 (1971)). Other policy reasons exist

11

for following the plain meaning interpretation of Section 362(b)(1), such as (a) a need to limit a bankruptcy court's review of state court decisions to prosecute, including determinations made by grand juries regarding probable cause to prosecute and (b) the obligations imposed on parties to report crimes.

The court does not reach this conclusion without some concern. The protections afforded by the automatic stay should not be limited without careful consideration. The risk of abuse is a serious concern, especially when the alleged facts, as in this proceeding, are particularly troubling. The Defendant did not pursue a criminal complaint for almost a year after filing a civil action. The criminal action is one for conversion and the Debtor attached three letters offering to return the Defendant's property dated six months before the criminal action was instituted. The timing of the Defendant's criminal action against the Debtor, on the same day that it dismissed the lawsuit against his wife, suggests that the Defendant launched his criminal action after its civil efforts were stayed. The court concludes that the situation alleged here creates a very close question given the split in case authority.

What ultimately persuades the court is the plain language of the statute. The court agrees with those courts who refuse to add language to Section 362(b) that the statute does not provide. The court notes that, based on the other twenty-seven exceptions to the stay, Congress was capable of being very specific when it intended to be. Further, the court finds the reasoning of *Dovell* and *Gruntz* to be more persuasive for the reasons stated. The court will apply the unambiguous language of the statute to except all criminal proceedings from the automatic stay regardless of the purpose for which the proceeding was brought. Thus, the court will GRANT the Defendant's motion to dismiss. Although the court concludes that it must dismiss the Plaintiff's action against the Defendant for violation of the automatic stay, the court notes that the Plaintiff

12

may have other state court remedies, such as a malicious prosecution action or abuse of process action, to compensate him for wrongful prosecution should that be the case.

###   IV.      Conclusion

As noted *supra*, the court concludes that it cannot read a motivation exception into Section 362(b)(1) as such a reading would ignore the plain meaning of the statute. The court thus concludes that Section 362(b)(1) applies and that the Defendant did not violate the automatic stay by filing a criminal complaint. Therefore, the court will GRANT the Defendant's motion to dismiss regarding the criminal prosecution of the Debtor. The court's decision does not preclude the Debtor from pursuing other remedies to the extent that the Defendant has pursued civil actions or engaged in other measures in violation of the automatic stay.

A separate order will enter.

# # #